| | | |
|---|---|---|
| HOPLOADS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-03019-LMC |
| | ) | |
| BULK LOADS NOW, LLC, | ) | |
| JARED FLINN, and JOHN | ) | |
| DOES 1-15, | ) | |
| Defendants. | ) | |
| _____ | ) | |
| BULK LOADS NOW, LLC, and | ) | |
| JARED FLINN, | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HOPLOADS, LLC and DONNA | ) | |
| STEARNS, | ) | |
| | ) | |
| Counter-Defendants | ) | |

## DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S PETITION FOR DAMAGES

Defendants/Counter-Plaintiffs Bulk Loads Now, LLC ("Bulk Loads") and Jared Flinn ("Flinn") hereby submit their First Amended Answer and Affirmative Defenses to Plaintiff's Petition for Damages, and also its Amended Counterclaims against Plaintiff/Counter-Defendant Hoploads, Inc. ("Hoploads") and Counter-Defendant Donna Stearns ("Stearns") (collectively, "Counter-Defendants") in the above-entitled matter and hereby state as follows:

1

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Petition and therefore deny the same.

2.     Defendants admit that Bulk Loads is a limited liability company organized and existing under and by virtue of the laws of the State of Missouri and operating under the fictitious name of Bulk Loads Now, but aver that the address for Bulk Loads Now, LLC Registered Agent is 109B N. 2nd St., Ozark, MO 65721

3.     Defendants admit that Jared Flinn resides in Christian County, Missouri, and aver that Jared Flinn can be served at 109B N. 2nd St., Ozark, MO 65721.

4.     Paragraph 4 states a legal intent and is not a factual averment to which a response is required. Defendants further state that Paragraph 4 is not directed to Defendants and therefore, no response is required by Defendants. To the extent a response is required, Defendants deny the allegations of Paragraph 4 of Plaintiff's Petition.

## JURISDICTION AND VENUE

5.     Defendants do not dispute the jurisdiction of the Western District of Missouri, but deny any liability and further deny the remaining allegations of Paragraph 5 of Plaintiff's Petition.

6.     Defendants deny the allegations of Paragraph 6 of Plaintiff's Petition.

2

## FACTS

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Petition and therefore deny the same.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiff's Petition and therefore deny the same.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of Plaintiff's Petition and therefore deny the same.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of Plaintiff's Petition and therefore deny the same.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiff's Petition and therefore deny the same.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiff's Petition and therefore deny the same.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiff's Petition and therefore deny the same.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiff's Petition and therefore deny the same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of Plaintiff's Petition and therefore deny the same.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiff's Petition and therefore deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of Plaintiff's Petition and therefore deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of Plaintiff's Petition and therefore deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of Plaintiff's Petition and therefore deny the same.

20.     Paragraph 20 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 20.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiff's Petition and therefore deny the same.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiff's Petition and therefore deny the same.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiff's Petition and therefore deny the same.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of Plaintiff's Petition and therefore deny the same.

25.     Defendants admit the allegations contained in Paragraph 25.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of Plaintiff's Petition and therefore deny the same.

27.     Defendant Flinn admits the allegations contained in Paragraph 27. Paragraph 27 is not directed to Defendant Bulk Loads.  To the extent a response is required, Bulk Loads denies the allegations of Paragraph 27.

28.     Defendants admit that Jared Flinn left his employment at Bartlett Grain and later started Bulk Loads Now LLC. Defendants deny the remaining allegations contained in Paragraph 28.

29.     Defendants deny the allegations contained in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30.

31.     Defendants deny the allegations contained in Paragraph 31.

32.     Defendants deny the allegations contained in Paragraph 32.

33.     Defendants deny the allegations contained in Paragraph 33.

34.     Defendants deny the allegations contained in Paragraph 34.

35.     Defendants deny the allegations contained in Paragraph 35.

36.     Paragraph 36 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

37.     Paragraph 37 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

38.     Paragraph 38 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

39.     Paragraph 39 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

40.     Paragraph 40 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

41.     Paragraph 41 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

42.     Paragraph 42 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

43. Paragraph 43 seeks a legal conclusion to which no response is required. Further, Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 43 and therefore deny the same.

44. Defendants admit the allegations contained in Paragraph 44.

45. Defendants admit the allegations contained in Paragraph 45.

46. Paragraph 46 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 46.

47. Defendants admit that counsel for Hoploads sent a letter to Defendants, but state that the letter speaks for itself and, thus, no further response is required. Defendants deny all allegations within said letter and remaining allegations contained in Paragraph 4

## Count I

## TAMPERING WITH COMPUER DATA/USERS – RSMo. § 569.095-569.099

48. Defendants reincorporate all previous responses as if fully set forth herein.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Paragraph 51 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 51 and therefore deny the same.

52. Paragraph 52 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack information or knowledge

sufficient to admit or deny the allegations contained in Paragraph 52 and therefore deny the same.

53.     Paragraph 53 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 53 and therefore deny the same.

54.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 54 and therefore deny the same.

55.     Defendants deny that Hoploads is entitled to any compensatory damages of any kind.

56.     Defendants deny that Hoploads is entitled to their attorneys' fees or costs.

57.     Defendants deny the allegations contained in Paragraph 57.

58.     Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 58 and therefore deny the same.

59.     Defendants deny the allegations in Paragraph 59.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## **Count II**

## **VIOLATION OF COMPUTER FRAUD AND ABUSE ACT – 18 U.S.C. § 1030**

60.     Defendants reincorporate all prior responses as if fully set forth herein.

61.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 61 and therefore deny the same.

62.     Defendants deny the allegations contained in Paragraph 62.

63.     Defendants deny the allegations contained in Paragraph 63.

64.     Defendants deny the allegations contained in Paragraph 64.

65.     Defendants deny the allegations contained in Paragraph 65.

66.     Defendants deny the allegations contained in Paragraph 66.

67.     Paragraph 67 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 67.

68.     Defendants deny the allegations contained in Paragraph 68.

69.     Defendants deny the allegations contained in Paragraph 69.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## COUNT III

## COMPUTER TAMPERING – RSMO § 537.525

70.     Defendants reincorporate all prior responses as if fully set forth herein.

71.     Defendants deny the allegations contained in Paragraph 71.

72.     Defendants deny the allegations contained in Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and therefore deny the same.

75.     Paragraph 75 seeks a legal conclusion to which no response is required.

76.     Defendants deny they committed conduct with the purpose of devising or executing a scheme or artifice to defraud or to obtain the property of Hoploads.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny that Hoploads is entitled to compensatory damages of any kind and further deny all remaining allegations in Paragraph 78.

79.     Defendants deny that Hoploads is entitled to, or has been forced to incur, attorney fees and costs under RSMo. 537.525(2) and further deny all remaining allegations in Paragraph 79.

80.     Paragraph 80 seeks a legal conclusion to which no response is required. To the extent that a response is required Defendants deny the allegations contained in Paragraph 80.

81.     Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 81 and therefore deny the same.

82.     Defendants deny the allegations of Paragraph 82.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## COUNT IV

## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTATIONS

83.     Defendants reincorporate all prior responses as if fully set forth herein.

84.     Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 84 and therefore deny the same.

85.     Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 85 and therefore deny the same.

86.     Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 86 and therefore deny the same.

87.     Defendants deny the allegations contained in Paragraph 87.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants deny the allegations contained in Paragraph 89.

90.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 90 and therefore deny the same.

91.     Defendants deny the allegation of Paragraph 91.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## **COUNT V**

## **BREACH OF THE HOPLOADS TERMS OF USE AGREEMENT**

92.     Defendants reincorporate all prior responses as if fully set forth herein.

93.     Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 93 and therefore deny the same.

94.     Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 94 and therefore deny the same.

95.     Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 95 and therefore deny the same.

96.     Paragraph 96 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny utilizing username and passwords and sharing username and passwords authorized for other companies and individuals for the purposes of copying any protectable aspect of the Hoploads system.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 98 and therefore deny the same.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## COUNT VI

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

99.     Defendants reincorporate all prior responses as if fully set forth herein.

100.    Paragraph 101 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 100.

101.    Paragraph 101 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 101.

102.    Defendants deny the allegations contained in Paragraph 102.

103.    Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 103 and therefore deny the same.

104.    Defendants deny the allegations contained in Paragraph 104.

105.     Paragraph 105 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 105.

106.     Defendants deny the allegations of Paragraph 106.

107.     Defendants are without information or knowledge sufficient to admit or deny the allegations of Paragraph 107 and therefore deny the same.

108.     Defendants deny the allegations contained in Paragraph 108.

109.     Defendants deny the allegations contained in Paragraph 109.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## COUNT VII

## MALICIOUS TRESPASS IN VIOLATION OF RSMO § 537.330

110.     Defendants reincorporate all prior responses as if fully set forth herein.

111.     Defendants are without information or knowledge sufficient to admit or deny the allegations of Paragraph 111 and therefore deny the same.

112.     Defendants deny the allegations of Paragraph 112.

113.     Defendants deny the allegations of Paragraph 113.

114.     Defendants deny the allegations of Paragraph 114.

115.     Defendants deny the allegations of Paragraph 115.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## Count VIII

## MISAPPROPRIATION OF TRADE SECRETS

116.    Defendants reincorporate all prior responses as if fully set forth herein.

117.    Paragraph 117 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 117 and therefore deny the same.

118.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 118 and therefore deny the same.

119.    Paragraph 119 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 119.

120.    Paragraph 120 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 120.

121.    Paragraph 121 seeks a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 121.

122.    Paragraph 122 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 122.

123.    Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 123 and therefore deny the same.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## COUNT IX

## VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

124.    Defendants reincorporate all prior responses as if fully set forth herein.

125.    Paragraph 125 seeks a legal conclusion to which no response is required. Defendants further assert that this Court can maintain supplemental jurisdiction over state law claims when federal question jurisdiction is at issue.  To the extent Plaintiff alleges the state court solely maintains jurisdiction over this action, Defendants deny the same.

126.    Paragraph 126 seeks a legal conclusion to which no response is required. To the extent that a response if required, Defendants deny the allegations contained in Paragraph 126.

127.    Defendants deny the allegations of Paragraph 127.

128.    Defendants deny the allegations contained in Paragraph 128.

129.    Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 129 and therefore deny the same.

130.    Defendants deny that Hoploads is entitled to any attorney's fees in this action.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## COUNT X

## CIVIL CONSPIRACY

131.     Defendants reincorporate all prior responses as if fully set forth herein.

132.      Defendants admit that Plaintiff has alleged these particular causes of action by the Defendants within the Petition. Defendants deny these allegations and reincorporate all prior responses as if fully set forth herein.

133.     Paragraph 133 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 133.

134.     Paragraph 134 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 134.

135.     Defendants deny the allegations contained in Paragraph 135.

136.     Defendants deny the allegations contained in Paragraph 136.

137.     Defendants deny the allegations of Paragraph 137.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## COUNT XI

## UNJUST ENRICHMENT

138.     Defendants reincorporate all prior responses as if fully set forth herein.

139.     Defendants deny the allegations of Paragraph 139.

140.     Defendants deny the allegations of Paragraph 140

141.     Defendants deny the allegations of Paragraph 141.

142.    Defendants are without information or knowledge sufficient to admit or deny Paragraph 142 and therefore deny the same.

143.    Defendants deny the allegations of Paragraph 143.

144.    Paragraph 144 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to admit or deny the allegations of Paragraph 144.

145.    Paragraph 145 seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 145.

146.    Defendants deny having unauthorizedly accessed Hoploads' information or improperly used such information and therefore deny the allegations of Paragraph 146.

147.    Defendants deny the allegations of Paragraph 147.

Defendants deny that Plaintiff is entitled to any relief sought in the paragraph beginning with "WHEREFORE."

## **AFFIRMATIVE AND OTHER DEFENSES**[1]

Defendants assert the following defenses, reserving their right to assert further defenses at a later time as appropriate:

1.    All or some of the claims asserted against Defendants in Plaintiff's Petition fail to state a claim upon which relief can be granted.

---

[1]Defendants plead the following defenses in accordance with Fed. R. Civ. P. 8(c). Defendants' pleading does not undertake any burden of proof it is not otherwise required to carry under applicable law, regardless of how such defenses are denominated.

17

2.     All or some of the claims asserted against Defendants are barred in whole or in part by the doctrines of waiver, consent, estoppel, acquiescence, ratification, accord and satisfaction, unclean hands, release, and/or other equitable doctrines.

3.     All or some of the claims asserted against Defendants are barred in whole or in part by the applicable statute of limitations and/or laches.

4.     All or some of the claims asserted against Defendants are barred in whole or in part because Defendants' conduct was at all times made in good faith, engaged in without malice, and was justified.

5.     All or some of the claims asserted against Defendants are barred in whole or in part to the extent that there has been no legal injury.

6.     All or some of the claims asserted against Defendants are barred in whole or in part because any alleged damages, which Defendants deny, are speculative and impossible to ascertain.

7.     Defendants' alleged acts and/or omissions did not result in Plaintiff's alleged damages, if any.  Rather, the alleged acts and/or omissions, if any, were only secondary, inconsequential, and indirect, and in no way contributed to, resulted in, or caused the alleged damages of Plaintiff.

8.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

9.     Plaintiff has failed to establish the existence of any protectable trade secret(s).

10.     Plaintiff has failed to establish the existence of any enforceable contract between Hoploads and Bulk Loads and/or Hoploads and Flinn.

11.     Any Hoploads Use Agreement referenced in the Petition was invalid for lack of consideration.

12.     Defendants reserve the right to assert additional defenses based upon information learned during the course of this litigation.

## FIRST AMENDED COUNTERCLAIM

Pursuant to Rules 13, 15, and 20 of the Federal Rules of Civil Procedure, Defendants/Counterclaim-Plaintiffs Bulk Loads Now, LLC ("Bulk Loads") and Jared Flinn ("Flinn") (collectively, "Counter-Plaintiffs") hereby counterclaim against Hoploads, LLC ("Hoploads") and Donna Stearns ("Stearns") (collectively, "Counter-Defendants) and allege as follows:

## THE PARTIES, JURISDICITON, AND VENUE

1.     Bulk Loads is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in Christian County, Missouri.

2.     Flinn is an individual who resides in Christian County, Missouri.

3.     Hoploads is a limited liability company organized and existing under the laws of the State of Kentucky, with both its principal place of business and registered agent located at 2439 Faxon Road, Murray, Kentucky 42071.

4.     Stearns is an LLC manager of Hoploads, LLC, and owner and manager of daily operations of Hoploads.com. Stearns is domiciled in Murray, Kentucky.

5.     Stearns may be joined as a party in this action in accordance with Federal Rule of Civil Procedure 13(h) and Rule 20 because questions of law or fact common to all Counter-Defendants arise from the Counterclaims and the common liability of Stearns and Hoploads to Bulk Loads and Flinn arises out of the same transaction, occurrence, or series of transactions or occurrences.

6.     This Court has personal jurisdiction over Hoploads because it is a party to the underlying action. This Court has personal jurisdiction over Stearns because she committed torts within the state, directed actions toward the Defendants Bulk Loads and Jared Flinn within the state and the alleged causes of action in the counterclaim arise from the commission of such acts. Upon information and belief, Stearns has also transacted business within the state, and the alleged causes of action in the counterclaim also arise from the commission of such acts.

7.     This Court has subject matter jurisdiction as to Counter-Plaintiffs' Counterclaims under Federal Rule of Civil Procedure 13(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a) in that the Counterclaims are so related to the claims in the underlying action that they form part of the same case or controversy.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## **FACTUAL ALLEGATIONS**

9.     Counter-Defendants have made publicly disparaging comments about Bulk Loads, in its professional capacity, and Flinn, in his individual capacity.

10.    These public disparaging comments have manifested in oral and written form.

11.     It is clear when reviewing Counter-Defendants posts as a whole, that the statements were directed at Bulk Loads and/or Flinn.

12.     Counter-Defendants defamatory comments untruthfully state that Bulk Loads and/or Flinn are/is unethical, have stolen Hoploads' information, have unfairly competed with Hoploads, and have copied Hoploads' website and stolen customers, among other outrageous and defamatory statements.

13.     Counter-Defendants control a Facebook page, named "Hoploads," which can be accessed at: https://www.facebook.com/Hoploads. Counter-Defendants primarily use this page to promote business for Hoploads. As of February 1, 2021, the Hoploads Facebook Page had 1,215 followers.

14.     On or around November 16, 2019, Counter-Defendants posted to Hoploads' Public Facebook page:

"ANNOUNCEMENT: Bulk freight load board being sued for data theft & intellectual property theft. (Felonies) The load board logged onto Hoploads using another members log in credentials, copied our web site then stole lists of members and shippers. THEN called the members on the list and offered them membership to their boards at a cheaper price to start.

Hoploads will be taking this all the way to the end. We believe in Competition, but we believe in FAIR Competition.. not THEFT. We will NOT stand by and let this happen. The other load board owner is a computer programmer.. someone that has done this more than once, because he doesn't have an original idea. He contacted me several years ago bragging how it cost him nothing to do this.
I don't know about you. but where I come from.. and when I was dispatching trucks.. these people were the LOWEST of the low.. like companies that you brokered one of your contract loads to, then they went in there and offered to CUT RATES to get the hauls…
I started this site 21 years ago to help myself and other Trucking companies cut down on bounce miles and get the rates up without going through brokers. IF you think for one minute the OTHER site cares about that… you are wrong. One is a

computer programmer, the other was a grain Merchandiser for Bartlett. NEITHER knew about bulk freight hauling like I do."

Attached hereto as Exhibit "A."

15.     Counter-Defendants November 16, 2019 posting, read as a whole, was clearly directed at Bulk Loads and Flinn, and additional comments posted by Counter-Defendants thereafter expressly identified Bulk loads and its owners as the subjects of Counter-Defendants' defamatory attack.

16.     Stearns is the owner and manager of daily operations for website hoploads.com, which can be accessed at: http://www.hoploads.com.

17.     On or around November 20, 2019, Stearns posted a link to the November 16, 2019 posting referenced in Exhibit "A" on the homepage of hoploads.com, alongside the following language: "Announcement!! Hoploads members please follow link and read. Feel free to respond or contact Donna if you have questions. 270-436-6142." Attached hereto as Exhibit "B."

18.     Counter-Plaintiffs control a Facebook page, named "Bulk Loads," which can be accessed at: https://www.facebook.com/bulkloads. Counter-Plaintiffs primarily use this page to promote business for Bulk Loads. As of February 1, 2021, the Bulk Loads Facebook Page had 8,850 followers.

19.     On or around November 18, 2019, Hoploads owner Donna Fiorella, now Donna Stearns, posted the following public post to Bulk Loads Facebook Page:

Just an FYI for those that belong to this website. As I said in this post, You Trucking companies KNOW how you feel when you broker out one of your Contract loads, and that company goes in and tried to cut the rates to take the loads

from you. Bulk loads are Unethical, and being sued for it. WE HAVE THE PROOF!

Contained at the bottom of the post was the following link. Upon information and belief, this URL linked to Hopload's November 16, 2019 post identified in Paragraph 11. https://www.facebook.com/Hoploads/posts/248779298459069On

Attached hereto as Exhibit "C."

20.     Within the last two years, Counter-Defendants posted the following public

post, in relevant part, to Hoploads' Facebook Page:

 HOW would you like it if you found out that Bulkloads offered Shippers FREE access to their site if they promised not to post loads on "Any other Load Boards"??

HOW would you like it if you found out you are paying FULL PRICE for Bulkloads, but they are charging another member HALF Price? This is their practice. They randomly offer potential members "Free" or Discounted service—Whatever it takes to get them to join. They don't care about their members. PERIOD.

Attached hereto as Exhibit "D."

21.     Within the last two years, Counter-Defendants posted the following public

post, in relevant part, to Hoploads' Facebook Page:

I just got a call from a man that sells "Tools", The guy wanted me to give him access to Hoploads so he can copy our members PHONE NUMBERS and ADDRESSSES so he can solicit them to sell TOOLS.

He was told NO, our members INFORMATION is PRIVATE, we do NOT let 3rd parties use it. Then he offered to BUY it, and was again told NO.

The man then stated that BULKLOADS.COM sells THEIR MEMEBRS INFORMATION to other 3rd party companies. Do you want YOUR information SOLD to anyone that is willing to pay for it? I sure wouldn't!!

Attached hereto as Exhibit "E."

22.     Within the last two years, Counter-Defendants posted the following public post to Hoploads' Facebook Page:

Did you know the other load board is selling your information to a factoring Company AND getting a CUT on anything you factor through them?? HOW do I know? Because that Company called me last week and wanted us to do the SAME THING. I told them NO, that we do NOT SELL our Customers information NOR are we interested in getting a percentage of what they are having the Factoring Company do!

THIS type of CRAP just BURNS ME UP!!! The TRUCKING COMPANIES need EVERY DIME they can get to haul the loads, and this is as bad as brokers!! ~~Donna

Attached hereto as Exhibit "F."

23.     Within the last two years, Counter-Defendants posted the following public post, in relevant part, to Hoploads' Facebook Page:

Remember that Factoring Company I mentioned the other day??  The one that the OTHER load board sells your information to?

Get this. Do you know the OTHER board is making MONEY off your information. So you are paying to use their service and they are selling your information AND if you use that Factoring Company THEY get part of the PROFIT that factoring company makes off any of their members! HOW unethical is that? It's about as bad as the Crooks in DC!

Attached hereto as Exhibit "G."

24.     At no relevant time has Bulk Loads sold its customer data to any third-party companies.

25.     At no relevant time has Bulk Loads offered free access to shippers on the condition they no longer post their loads to any other load boards.

26.     Counter-Plaintiffs control a Twitter handle for its BulkLoads.com company and website @BulkLoads.

27.     On October 13, 2019, @BulkLoads published a tweet to announce and publicize Bulk Loads' new podcast concerning how fuel surcharges are calculated.

28.     On November 16, 2019, upon information and belief, Stearns replied to Bulk Loads' October 13, 2019 tweet, "Did you tell your members you are being sued for data theft and intellectual property theft because you illegally copied another site and stole their members?? You do realize those are FELONIES right? That means there is PRISON time coming." Attached hereto as Exhibit "H."

29.     In addition, upon information and belief, Counter-Defendants have made false defamatory statements regarding Bulk Loads and Flinn to Bulk Loads' employees and customers.

30.     These false and defamatory statements have damaged Counter-Plaintiffs' reputation and caused other pecuniary harm.

## COUNTERCLAIM I: FOR LIBEL/DEFAMATION PER SE

31.     Counter-Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs 1-30 of their Counterclaim.

32.     The defamatory posts set forth above (*see*, attached Exhibits "A"-"H") and other defamatory remarks have libeled and defamed Bulk Loads and Flinn because:

   a. Publishing a statement that Counter-Plaintiffs are being sued for felony theft, that Counter-Plaintiffs copied and stole Hoploads' website and information and customers, that Counter-Plaintiffs are unethical, that Counter-Plaintiffs sell their customers' private data to third-party companies, that Counter-Plaintiffs offered free access to shippers on the

condition they no longer post their loads to any other load boards, that Counter-Plaintiffs are going to prison for these acts, among several other untruthful and defamatory statements, constitutes Counter-Defendants' publication of false and defamatory statements.

b. These statements identified Counter-Plaintiffs and have resulted in damages to their business reputation and interests.

33. News of these false and defamatory statements spread quickly throughout the trucking community and exposed Counter-Plaintiffs to contempt, ridicule, and hatred.

34. Counter-Defendants' defamatory publications have deprived Counter-Plaintiffs of the benefit of the public's confidence in them and their social and business relations, and damaged their reputations.

35. For example, comments were made in response to Hoploads November 16, 2019 Facebook post (*see*, attached Exhibit "A"), including, but not limited to:

a. "Fair competition is acceptable but theft is not."

b. Sorry to hear that, crazy how crooked some people are, hang in there, best always comes out on top!!"

c. "Bulkloads.com is a company built on deception!!"

d. "Donna this is Bad not just you but the drivers that you have helped and I would bet it will hurt my Son."

36. Hoploads and Bulk Loads have overlapping customers, given that they are in the same industry of bulk shipping.

37.     Upon information and belief, many of these overlapping customers saw or were made privy to Counter-Defendants' defamatory publications.

38.     Counter-Plaintiffs have been damaged in their professional reputations and lost revenue and business opportunities as a result of Counter-Defendants' defamatory publications.

39.     Counter-Defendants acted outrageously and without regard for Counter-Plaintiffs' rights with knowledge that these statements were false or with a reckless disregard for their falsity when they were published.

40.     In turn, punitive damages are proper to punish Counter-Defendants for their reckless, willful and wanton conduct and deter others similarly situated from similar future conduct.

WHEREFORE, Counter-Plaintiffs pray for judgment against Counter-Defendants for such damages as are fair and reasonable, including punitive damages, in an amount to be proven at trial, together with their costs incurred herein, including attorney's fees, and for such further relief as the Court deems just and proper.

## COUNTERCLAIM II: FOR TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

41.     Counter-Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs 1-40 of their Counterclaim.

42.     Bulk Loads provides solutions to its customers, including shippers, brokers, and carriers, in the dry and liquid bulk truckload industry, matching shippers with loads to move with the carriers to move them.

43.     Bulk Loads possesses a valid business expectancy in its member-subscribers.

44.     Counter-Defendants had knowledge of Bulk Loads' business expectancies and customer relationships.

45.     Counter-Defendants induced a breach or caused intentional interference with Counter-Plaintiffs' business expectancies and customer relationships by virtue of its defamatory publication on Hoploads and Bulk Loads' public Facebook pages.

46.     Counter-Defendants acted in the absence of justification in engaging in these unlawful acts by employing improper means in seeking to further only its own interests.

47.     Counter-Defendant acted outrageously and without regard for Counter-Plaintiffs' rights with knowledge that its statements were false or with a reckless disregard for their falsity when they were published.

48.     In turn, punitive damages are proper to punish Counter-Defendants' for their reckless, willful and wanton conduct and deter others similarly situated from similar future conduct.

WHEREFORE Counter-Plaintiffs respectfully request that this Court enter damages available under Missouri law, including punitive damages, in an amount to be proven at trial, for Counter-Defendants' unlawful tortious interference with existing and potential business expectancies and relationships and award Counter-Plaintiffs their reasonable attorney's fees and costs incurred in this action.

**COUNTERCLAIM III: FOR INJURIOUS FALSEHOOD**

49.     Counter-Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs 1-48 of their Counterclaim.

50.     Counter-Defendants published statements, discussed herein, were false and harmful to the interests of Bulk Loads and Flinn.

51.     Counter-Defendants intended for the publication of these statements to result in harm to the interests of Bulk Loads and Flinn, or recognized or should have recognized that they were likely to do so.

52.     Counter-Defendants published these false statements with knowledge they were false or reckless disregard as to their truth or falsity.

53.     Counter-Plaintiffs have suffered pecuniary losses because of the false statements Counter-Defendants published.

54.     Counter-Defendants acted outrageously and without regard for Counter-Plaintiff' rights with knowledge that its statements were false or with a reckless disregard for their falsity when they were published.

55.     In turn, punitive damages are proper to punish Counter-Defendants for their reckless, willful and wanton conduct and deter others similarly situated from similar future conduct.

WHEREFORE Counter-Plaintiffs respectfully request that this Court enter damages, in an amount to be proven at trial, for Counter Defendants' Injurious Falsehood and award Counter-Plaintiffs their reasonable attorneys' fees and costs incurred in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Bulk Loads Now, LLC and Jaren Flinn pray for relief in its favor and against Hoploads, LLC and Donna Stearns, jointly and severally, as follows:

a. dismissing Hoploads' Petition with prejudice;

b. entering judgment in favor of Defendants on all claims asserted by Plaintiff;

c. awarding Counter-Plaintiffs damages, including punitive damages, for Counter-Defendants' libel/defamation per se;

d. awarding Counter-Plaintiffs damages, including punitive damages, for Counter-Defendants' unlawful tortious interference with Counter-Plaintiffs' existing and potential business expectancies and relationships;

e. awarding Counter-Plaintiffs damages, including punitive damages, for Counter-Defendants' Injurious Falsehood;

f. awarding Defendant's their reasonable attorneys' fees and costs incurred in this action; and

g. granting such other relief as the Court deems just and proper.

**DEFENDANTS HEREBY REQUEST A JURY TRIAL ON ALL COUNTERCLAIMS.**

Dated this 16th day of February 2021.

> BULK LOADS NOW, LLC and JARED FLINN, Defendants/Counter-Plaintiffs.
>
> By:  _/s/ Ryann A. Glenn_
> Ginger K. Gooch, # 50302
> Husch Blackwell LLP
> 901 St. Louis Street, Suite 1800
> Springfield, MO 65806
> Phone: 417.268.4000

Fax: 417.268.4040
Ginger.gooch@huschblackwell.com

and

Alexa B. Barton, #71779
Ryann A. Glenn, NE #26160
(*pro hac vice*)
Husch Blackwell LLP
13333 California Street, Suite 200
Omaha, NE 68154
Phone: 402.964.5000
Fax: 402.964.5050
Allee.barton@huschblackwell.com
Ryann.glenn@huschblackwell.com

*Attorneys for Bulk Loads Now, LLC and Jared Flinn*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system and sent via electronic mail to the following this 16th

day of February, 2021:

Adam R. Moore
The Moore Law Firm LLC
1600 Genessee, Suite 862
Kansas City, MO 64102
adam@moorelawkc.com

/s/ *Ryann A. Glenn*